MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email: melanie.morgan@akerman.com
Email: tenesa.scaturro@akerman.com

*Attorneys for Plaintiff Nationstar Mortgage LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff,<br><br>vs.<br><br>D'ANDREA COMMUNITY ASSOCIATION; LVDG LLC SERIES 161; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-00377-RCJ-VPC<br><br>**NATIONSTAR MORTGAGE LLC'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Fed. R. Civ. P. 56, Nationstar Mortgage LLC moves the court to grant partial summary judgment in its favor on its first cause of action based on the Ninth Circuit decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1157-58 (9th Cir. 2016), *r'hng denied* (9th Cir. Nov. 4. 2016).

{40495350;1}

## I. INTRODUCTION

On December 19, 2013, defendant Las Vegas Development Group, LLC (**LVDG**) purchased the real property at issue for $5,233 at a non-judicial foreclosure sale (the **HOA Sale**) conducted by defendant D'Andrea Community Association (**D'Andrea**) under NRS 116.3116(2) (the **Nevada HOA Foreclosure Statute**). LVDG contends that under the Nevada HOA Foreclosure Statute, the HOA Sale extinguished the senior deed of trust recorded against the property, leaving LVDG with title free and clear of that deed of trust.

In its first cause of action in this case, Nationstar asserted, among other things, that the HOA Sale could not extinguish the senior deed of trust because the Nevada HOA Foreclosure Statute was facially unconstitutional. The Ninth Circuit recently confirmed Nationstar's assertion in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1157-58 (9th Cir. 2016), ruling NRS chapter 116's "opt-in" notice scheme violates the Fourteenth Amendment's due process clause because it allows a lender to be stripped of its deed of trust without requiring actual notice of the intent to foreclose.

The Court should grant summary judgment to Nationstar on its quiet title and declaratory relief claim, and rule that the deed of trust continues to encumber the property. Once the Court enters such a ruling, Nationstar's remaining claims will be voluntarily dismissed.

## II. PROCEDURAL BACKGROUND

Nationstar's complaint asserts four claims: (**1**) quiet title / declaratory judgment against LVDG; (**2**) breach of NRS 116.1113 against D'Andrea; (**3**) wrongful foreclosure against D'Andrea; and (**4**) injunctive relief against LVDG. ECF No. 1 at 6, 10, 11, and 13.

Nationstar previously moved for summary judgment on May 24, 2016. *See* ECF No. 27. This Court denied the motion on January 4, 2017. *See* ECF No. 40.[1]

---

[1] Successive summary judgment motions are generally permissible in the district court's discretion, and "the denial of summary judgment does not preclude a contrary later grant of summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 910-911 (9th Cir. 2010). Because of the recent change in the law set forth in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1157-58 (9th Cir. 2016), which had not been decided when Nationstar filed its first motion, it is in the interests of justice that the Court hear this motion. "[A]llowing a party to file a second motion for summary judgment is logical and it fosters the 'just, speedy, and inexpensive' resolution of suits." *Hoffman*, 593 F.3d at 911 (citing Fed. R. Civ. P. 1).

{40495350;1} 1

### III. STATEMENT OF RELEVANT FACTS

1. A Deed of Trust listing Laura A. Kerr as the Borrower, Stearns Lending, Inc. as the lender, and Mortgage Electronic Registration Systems (**MERS**) as beneficiary solely as nominee for lender and lender's successors and assigns, was executed on October 4, 2007 and recorded on October 9, 2007 (the **Deed of Trust**). Ex. A. The Deed of Trust granted lender a security interest in real property known as 3380 Modena Drive, Sparks, NV 89434 (the **Property**) to secure the repayment of a loan in the original amount of $196,000.00 to Borrower (the **Kerr Loan**). *See id.*

2. A Corporate Assignment of Deed of Trust, recorded on October 13, 2011, reflects that on or about October 4, 2011, MERS assigned the Deed of Trust to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP (**BANA**). Ex. B.

3. A Corporate Assignment of Deed of Trust, recorded on May 6, 2013, reflects that on or about April 3, 2013, BANA assigned the Deed of Trust to Nationstar. Ex. C.

4. On January 3, 2014, Alessi & Koenig, LLC (**Alessi**), on behalf of D'Andrea, recorded a Foreclosure Deed against the Property. Ex. C. The Foreclosure Deed states that the Property was sold on December 19, 2013 to LVDG. *Id.*

### IV. STANDARD OF REVIEW

In evaluating a motion for summary judgment, courts must view all facts and draw all inferences in the light most favorable to the nonmoving party. *See Amerson v. Clark Cnty.*, 995 F. Supp. 2d 1155, 1159 (D. Nev. 2014) (citing *Kaiser Cement Corp. v. Fischbach & Moore, Inc.,* 793 F.2d 1100, 1103 (9th Cir. 1986)). Summary judgment shall be granted if the moving party demonstrates that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Zoslow v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

//

//

//

## V. ARGUMENT

*Bourne Valley* controls the quiet title and declaratory relief claim Nationstar asserted in its complaint. Because the HOA Sale at issue here was conducted under the same statute the Ninth Circuit ruled facially unconstitutional in *Bourne Valley*, the HOA Sale could not have extinguished the Deed of Trust.

*Bourne Valley* held that the "'opt-in' notice scheme" of the Nevada HOA Foreclosure Statute "facially violated mortgage lenders' constitutional due process rights." 832 F.3d at 1160. The Nevada HOA Foreclosure Statute incorporated such a scheme prior to October 1, 2015, when a statutory amendment became effective. *Id.* The HOA Sale at issue here took place on December 19, 2013, almost two years before the amendment's effective date. Therefore, *Bourne Valley* controls and the Court must hold that the HOA Sale did not extinguish the Deed of Trust. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) (a federal court of appeals decision "binds all [federal district] courts within a particular circuit" (internal citation omitted)); *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 744 (8th Cir. 2010) ("When a provision is struck down as unconstitutional, 'it is treated as if it had never been passed.'" (internal citation omitted)).

Specifically, *Bourne Valley* resolves the first cause of action in Nationstar's favor. Nationstar's quiet title / declaratory relief claim sought a determination that the HOA Sale did not extinguish the Deed of Trust. *See* Compl. ¶¶ 35-42 (ECF No. 1). A declaration that the Deed of Trust continues to encumber the property—the result *Bourne Valley* requires—would resolve all three of these claims entirely.

Nationstar's second and third causes of action, for breach of NRS 116.1113 and wrongful foreclosure, sought damages against D'Andrea to the extent the wrongful acts of D'Andrea caused the Deed of Trust to be extinguished. Those claims would be moot if the Court granted this motion because the alternative theory of liability would not be triggered. The fourth cause of action sought injunctive relief against LVDG.

//

//

//

**VI.  CONCLUSION**

For the foregoing reasons, Nationstar respectfully requests that the Court grant its Motion for Summary Judgment.

DATED this 9th day of February, 2017.

                                        **AKERMAN LLP**

                                        /s/ Tenesa S. Scaturro, Esq.
                                        MELANIE D. MORGAN, ESQ.
                                        Nevada Bar No. 8215
                                        TENESA S. SCATURRO, ESQ.
                                        Nevada Bar No. 12488
                                        1160 Town Center Drive, Suite 330
                                        Las Vegas, Nevada 89144

                                        *Attorneys for Plaintiff Nationstar Mortgage LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of February, 2017, and pursuant to FRCP 5, I served via CM/ECF a true and correct copy of the foregoing **NATIONSTAR MORTGAGE LLC'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**, to the following parties:

Steven T. Loizzi, Jr., Esq.
ALESSI & KOENIG LLC
9500 West Flamingo Road, Suite 205
Las Vegas, Nevada 89147

Attorney for D'Andrea Community Association

Roger P. Croteau, Esq.
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148

Attorney for LVDG LLC Series 171

          */s/Jill Sallade*
          An employee of AKERMAN LLP