**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NATIONSTAR MORTGAGE, LLC,

    Plaintiff,

vs.

D'ANDREA COMMUNITY ASSOCIATION et al.,

    Defendants.

3:15-cv-00377-RCJ-VPC

**ORDER**

This case arises from the foreclosure of a residential property pursuant to a homeowners association lien. Now pending before the Court is a Motion for Leave to File a Renewed Motion for Summary Judgment. (ECF No. 45.). For the reasons given herein, the Court grants the motion.

The operative scheduling order in this case set a dispositive motions deadline of May 24, 2016. (Scheduling Order, ECF No. 24.) Accordingly, Plaintiff Nationstar Mortgage, LLC ("Nationstar") filed a timely summary judgment motion, arguing that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116, and prevents the foreclosure of an HOA superpriority lien from extinguishing a property interest held by Federal National Mortgage Association (Fannie Mae) while under the FHFA's conservatorship. (Mot. Summ. J., ECF No. 27.) The motion was fully briefed on August 15, 2016, and a hearing was held on October 11, 2016. The Court denied the

motion on January 4, 2017, finding a question of fact exists as to the existence, nature, and timing of Fannie Mae's purported interest in the subject property. (Order, ECF No. 40.)

On August 12, 2016, while Nationstar's summary judgment motion was pending, the Ninth Circuit issued its ruling in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017), which established that the "opt-in notice scheme" of NRS 116.3116—included in the statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of mortgage lenders. In light of this ruling, Nationstar filed a renewed motion for partial summary judgment on February 9, 2017, about one month after the Court denied its original motion. (Mot. Summ. J., ECF No. 41.) The renewed motion argues simply that, under *Bourne Valley*, the HOA sale could not have extinguished Nationstar's interest in the property. Defendant LVDG LLC Series 171 (LVDG) objected to the renewed motion as untimely, as it was filed well after the dispositive motions deadline. The parties then entered into a stipulation to stay the briefing of the renewed motion until the Court could hear Nationstar's motion for leave to file it. (Stipulation, ECF No. 43.)

Nationstar has now filed its motion for leave, and the Court grants the motion. *Bourne Valley* is potentially dispositive of this case and was decided after the dispositive motions deadline had already passed. This furnishes the good cause necessary to permit Nationstar to deviate from the deadlines in the scheduling order. *See* Fed. R. Civ. P. 6(b)(1)(B); D. Nev. Local R. 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Therefore, good cause to extend a deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Here, Nationstar's late filing was not due to any lack of diligence, nor was it the result of any undue

delay, neglect, or bad faith. It would not have been possible for Nationstar to file its motion before the deadline, because *Bourne Valley* was not decided until the deadline had already passed. After *Bourne Valley* was decided, Nationstar merely waited to see the outcome of its pending motion, and then promptly filed the renewed motion within about one month's time. Accordingly, the Court is satisfied that Nationstar was sufficiently diligent to warrant the requested leave.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File a Renewed Motion for Summary Judgment (ECF No. 45) is GRANTED. The Courts hereby terminates the stay of briefing pursuant to the parties' stipulation, and Defendants shall have twenty-one (21) days from the date of this Order to file a response to the Renewed Motion for Summary Judgment, (ECF No. 41).

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
Dated: This 24th day of August, 2017.