UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATIONSTAR MORTGAGE, LLC,

    Plaintiff,

vs.

D'ANDREA COMMUNITY ASSOCIATION et al.,

    Defendants.

3:15-cv-00377-RCJ-VPC

ORDER

This case arises from the foreclosure of a residential property pursuant to a homeowners association lien. Now pending before the Court is a Motion for Summary Judgment. (ECF No. 41.) For the reasons given herein, the Court grants the motion.

I.    FACTS AND PROCEDURAL BACKGROUND

In October 2007, non-party Laura Kerr gave non-party Stearns Lending, Inc. a promissory note for $196,000 ("the Note") to purchase real property at 3247 Modena Drive, Sparks, Nevada 89434 ("the Property"), secured by a first deed of trust ("the "DOT"). (Compl. ¶¶ 8, 13, ECF No. 1.) The DOT identified non-party Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and as "nominee for Lender and Lender's successors and assigns," and non-party Stewart Title of Northern Nevada as the trustee. The Property is governed by a set of codes, covenants, and restrictions (CC&Rs) that establish, among other things, the homeowner's obligation to pay dues and assessments; that obligation is enforced by

Defendant D'Andrea Community Association (the "HOA"). (*Id.* at ¶ 3.) On or about October 13, 2011, MERS recorded an assignment of the DOT and the Note to non-party Bank of America, N.A. ("BOA"). Another assignment was recorded on May 6, 2013, transferring BOA's interest to Plaintiff Nationstar Mortgage, LLC ("Nationstar").

After purchasing the home, Ms. Kerr failed to pay assessments under the CC&Rs, and the HOA recorded a notice of delinquent assessment lien on August 12, 2011, a notice of default and election to sell ("NOD") on May 3, 2013, and a notice of foreclosure sale ("NOS") on October 21, 2013. The Property was ultimately sold to Defendant LVDG LLC Series 171 ("LVDG") at auction on December 19, 2013 for $5,233.

On or around July 21, 2015, Nationstar filed this action against the HOA and LVDG, primarily seeking a declaration that the foreclosure sale did not extinguish its interest in the DOT. On May 24, 2016, Nationstar filed a motion for summary judgment, arguing that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116, and prevents the foreclosure of an HOA superpriority lien from extinguishing a property interest held by Federal National Mortgage Association (Fannie Mae) while under the FHFA's conservatorship. (Mot. Summ. J., ECF No. 27.) The motion was fully briefed on August 15, 2016, and a hearing was held on October 11, 2016. The Court denied the motion on January 4, 2017, finding a question of fact exists as to the existence, nature, and timing of Fannie Mae's purported interest in the subject property. (Order, ECF No. 40.)

On August 12, 2016, while Nationstar's summary judgment motion was pending, the Ninth Circuit issued its ruling in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017), which established that the "opt-in notice scheme" of NRS 116.3116—included in the statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of

mortgage lenders. In light of this ruling, Nationstar requested leave to file a renewed motion for partial summary judgment, which the Court granted. (*See* Order, ECF No. 46.) The renewed motion, which is presently before the Court, argues simply that, under *Bourne Valley*, the HOA sale could not have extinguished Nationstar's interest in the property. (Mot. Summ. J., ECF No. 41.)

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

///

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

///

## III. ANALYSIS

### a. Quiet Title and Declaratory Relief

Plaintiff Nationstar moves for summary judgment solely on the basis of *Bourne Valley*. This Court has ruled that because *Bourne Valley* struck down the notice scheme of NRS Chapter 116 as facially unconstitutional, actual or reasonable notice is inapposite. *See Bank of N.Y. Mellon v. Ravenstar Invs., LLC*, No. 3:17–cv–116, 2017 WL 2588088, at *3–4 (D. Nev. June 14, 2017) (Jones, J.). The Court will therefore quiet title in favor of Nationstar under *Bourne Valley*.

Contrary to the HOA's arguments in response to Nationstar's motion, no decision of the Nevada Supreme Court relieves this Court of its obligation to follow *Bourne Valley*. It is true that the Nevada Supreme Court has held that the non-judicial foreclosure scheme of NRS Chapter 116 does not implicate state action under the Due Process Clauses of the United States and Nevada Constitutions. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) However, the Nevada Supreme Court's opinion is not binding on this Court with respect to the statute's constitutionality under the U.S. Constitution; on that question, the Court must adhere to Ninth Circuit precedent. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the U.S. Constitution is not binding on federal courts).

### b. Violation of NRS 116.1113 and Wrongful Foreclosure

In its prayer for relief, Nationstar requests primarily a declaration that LVDG purchased the Property subject to its DOT. The other relief requested—with the exception of the injunctive relief discussed below—is phrased in the alternative. Therefore, because the Court grants summary judgment for Nationstar on its quiet title claim, Nationstar has received the relief it requested. Accordingly, the Court dismisses the second and third causes of action as moot.

### c. Injunctive Relief

In its fourth cause of action, Nationstar requests a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests. The Court's grant of summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 41) is GRANTED. Plaintiff shall submit a proposed form of judgment with fourteen days of this order.

IT IS SO ORDERED. January 29, 2018.

_____
ROBERT C. JONES
United States District Judge